# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

FREDERICK FREEMAN,

        Defendant-Appellant.

UNPUBLISHED
July 30, 2015

No. 311257
St. Clair Circuit Court
LC No. 86-128340-FC

Before: SAAD, P.J., and M. J. KELLY and SHAPIRO, JJ.

SHAPIRO, J. (*concurring*).

I reluctantly concur with the majority's affirmance of the trial court's denial of defendant's motion for relief from judgment. Defendant's only claim before this Court—that the newly discovered original photographic lineup shown to eyewitnesses required a new trial— while not wholly devoid of merit, is insufficient to warrant relief under the standard for a successive motion for relief from judgment under MCR 6.500 *et seq*.

I write separately because, after reviewing the record, I conclude that defendant's trial was flawed in several respects and that the United States District Court for the Eastern District of Michigan did not err in granting him habeas relief. *Freeman v Trombley*, 744 F Supp 2d 697 (ED Mich, 2010).[1] However, the Sixth Circuit Court of Appeals reversed that decision and that determination is not before this Court. *Freeman v Tombley*, 483 Fed Appx 51 (2012). Nonetheless, these flaws warrant discussion.

---

[1] The federal district court granted defendant habeas relief on the following bases: (1) that trial counsel obstructed defendant's right to testify; (2) that trial counsel was ineffective for failing to call a particular alibi witness; (3) that the prosecution failed to disclose promises made to a jailhouse-informant witness, and; (4) that defendant's original appellate counsel was ineffective for failing to raise a claim regarding the active substance abuse of defendant's trial attorney. *Freeman*, 744 F Supp 2d 697. Defendant's habeas petition also raised credible arguments regarding the utter lack of evidence to support the prosecution's theory that he traveled by private plane from Escanaba to Port Huron and back on the day of the murder, and, to a lesser degree, his claim that the jailhouse informant recanted his testimony. *Id*.

-1-

Defendant was convicted of first-degree murder, MCL 750.316, for shooting and killing the victim in Port Huron in November 1985. Defendant was implicated by his identification in a photographic lineup: one witness identified defendant as the individual he saw lurking in the bushes near the scene of the shooting and another witness identified defendant as the individual he saw driving out of the parking lot after the shooting. In his defense, defendant presented significant evidence that he was actually in Escanaba at the time of the shooting. Nonetheless, the jury convicted defendant as charged.

At trial, the prosecution presented a wealth of "other acts" evidence that should not have been admitted and was likely prejudicial. In particular, the victim's girlfriend was allowed to testify that, while she was dating defendant, he raped and otherwise stalked her. This Court, and the federal district court, held that defendant was not deprived of the effective assistance of counsel by his trial counsel's failure to object to this testimony on MRE 404(b) grounds. See *Freeman*, 744 F Supp 2d at 708-710; *People v Freeman*, unpublished opinion per curiam of the Court of Appeals, issued September 13, 1993 (Docket No. 103276). Specifically, those courts found counsel's decision not to object to be reasonable in light of the fact that, on cross-examination, he attempted to use this testimony to impugn the witness's credibility, e.g., why would she have continued to date defendant if he actually exhibited this behavior? I respectfully disagree with this conclusion. As those courts noted, had counsel objected, the trial court would likely have excluded, or at least significantly limited the extent of, this testimony.[2] See *Freeman*, 744 F Supp 2d at 708-710. In particular, the allegations of rape against defendant have no bearing on whether defendant committed the murder for which he was on trial, other than demonstrating a general propensity to commit violent acts. This is specifically the type of evidence MRE 404(b) seeks to exclude. Moreover, the testimony was of very limited relevance other than to establish propensity and the danger of unfair prejudice was high—by the time this witness finished testifying on direct examination, defendant had been presented to the jury as a man of very bad character and violent tendencies whose imprisonment would be justified even if he was not guilty of the murder with which he was charged.

Even less justified was the extensive testimony regarding defendant's lengthy, frequent, and very dubious claims to his acquaintances that he was a ninja and part of a deadly secret ninja organization. The witnesses themselves testified that they did not believe defendant's bizarre claims. This testimony, which consumed a full day of trial, was admitted as other-acts evidence despite the absence of a finding that such testimony was related to "proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident[.]" MRE 404(b)(1). Indeed, the evidence appears to have been wholly irrelevant to the trial. Defendant was convicted of shooting and killing the victim. Whether he made bizarre and unbelievable claims regarding his status as a ninja had no "tendency to make

---

[2] There was testimony to the effect that defendant had threatened to kill the victim and his girlfriend, which was certainly relevant to charge against defendant. Similarly, whether defendant and the victim's girlfriend were previously involved in a romantic relationship could be admissible as motive evidence; however, the alleged rape was inadmissible other-acts evidence.

the existence of any fact . . . of consequence . . . more probable or less probable[.]" MRE 401. These witnesses also testified to defendant's possession, or claimed possession, of "ninja weapons." The instant murder was committed with a shotgun, which can hardly be characterized as a "ninja weapon," to the extent the term can be defined in this context, rendering that testimony equally irrelevant and inadmissible under MRE 404(b).

Finally, it cannot be said that the improper admission of this other-acts testimony was harmless. MCR 2.613(A). There was extensive alibi testimony that the jury may well have given more weight had defendant not been presented as a rapist with delusions about belonging to a secret ninja organization. For these same reasons, there is a reasonable probability that, but for counsel's failure to object to the discussed testimony, the outcome of defendant's trial would have been different. Unfortunately, the Sixth Circuit's decision precludes us from granting relief on any of these grounds. And because I do not believe that the single claim before us merits relief under MCR 6.500 *et seq.*, I must concur in the decision to affirm the trial court's denial of defendant's motion for relief from judgment.

/s/ Douglas B. Shapiro